[Cite as *State v. Wilson*, 2012-Ohio-2164.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>W. Scott Gwin, P.J.<br>John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| -vs- | : | Case No. 2011CA00266 |
| TIMOTHY W. WILSON | : | O P I N I O N |
| Defendant-Appellant | | |



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from Stark County Court of Common Pleas Case No. 92-CR-2280 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 14, 2012 |
| APPEARANCES: | |

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

TIMOTHY W. WILSON
Inmate No. 257-911
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950

*Edwards, J.*

{¶1}   Appellant, Timothy W. Wilson, appeals a judgment of the Stark County Common Pleas Court overruling his "Petition to Contest Classification and Request for De Novo Review" of his 1997 sexual predator classification.   Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}   Rex Fotos acquired Reyes Syndrome at the age of fourteen.   By the time he was 29 years old, he had no use of his legs and very limited use of his hands.   In 1990, Fotos hired appellant to care for him to enable him to live on his own.   As his condition deteriorated, Fotos hired appellant to live with him and work for him on a full-time basis, giving appellant a small salary plus room and board.

{¶3}   In September of 1990, appellant began to get into bed with Fotos and kiss him.   By the spring of 1991, appellant would put Fotos on his stomach, climb on top of him and force himself sexually on Fotos, who had no ability to resist due to his physical condition.   Also in the spring of 1991, Fotos suffered third-degree burns after appellant held his feet in scalding water, and appellant broke one of Fotos's legs.

{¶4}   Following jury trial in the Stark County Common Pleas Court in 1992, appellant was convicted of felonious assault in violation of R.C. 2903.11, assault in violation of R.C. 2903.13, and gross sexual imposition in violation of R.C. 2907.05, with a specification of a prior violence conviction based on a 1988 sexual battery conviction. This Court affirmed the convictions.   *State v. Wilson*, 5th Dist. No. CA-9071, 1993 WL 116083 (April 12, 1993).

{¶5} In June of 1997, the trial court held a hearing to determine appellant's status as a sexual offender pursuant to House Bill 180, Ohio's version of Megan's Law. Appellant signed a written waiver of his right to be present at the hearing. The trial court classified appellant as a sexual predator, noting that the victim was helpless to defend himself, the victimization was ongoing and appellant had been hired to care for the victim. The court further noted that appellant had victimized another individual while acting as an advisor in the Big Brothers and Big Sisters program. Appellant did not appeal.

{¶6} On September 27, 2011, appellant filed a petition to contest his classification, arguing that application of Megan's Law to his crimes violated the ex post facto and retroactivity clauses of the United States and Ohio Constitutions. The trial court summarily denied the motion. Appellant assigns a single error:

{¶7} "THE TRIAL COURT ERRED IN REFUSING A DE NOVO REVIEW OF THE APPELLANT'S ADJUDICATION AS A SEXUAL PREDATOR AS CHAPTER 2950 IS SUBSTANTIVE AND APPLICATION OF SUCH TO THE APPELLANT IS A VIOLATION OF THE EX POST FACTO AND RETROACTIVITY CLAUSES OF BOTH THE OHIO AND UNITED STATES CONSTITUTION."

{¶8} Appellant argues that his sexual predator classification violates the ex post facto and retroactivity clauses of the U.S. and Ohio Constitutions.

{¶9} We first note that appellant failed to file a timely appeal from his original sexual predator classification in 1997. Further, in the case of *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570, (1998), the Ohio Supreme Court held that R.C. 2950.09, as applied to conduct prior to the effective date of the statute, does not violate the

retroactivity clause of Section 28, Article 2, of the Ohio Constitution, nor does it violate the *ex post facto* of Section 10, Article 1, of the United States Constitution, *Id.* at paragraphs 1 and 2 of the syllabus.

{¶10} The assignment of error is overruled.

{¶11} The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0131

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                           :
                    Plaintiff-Appellee     :
                                           :
                                           :
-vs-                                       :        JUDGMENT ENTRY
                                           :
TIMOTHY W. WILSON                          :
                                           :
                    Defendant-Appellant    :        CASE NO. 2011CA00266


 For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.


                _____

                _____

                _____

                    JUDGES