[Cite as *State v. Jones*, 2012-Ohio-6262.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| ROBERT E. JONES | : | Case No. 12CA0054 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                     Appeal from the Court of Common
                                            Pleas, Case No. 87CR16767


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT:                            December 24, 2012


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

JUSTIN T. RADIC                              CHRISTOPHER M. SHOOK
20 South second Street                       33 West Main Street
4th Floor                                    P.O. Box 4190
Newark, OH  43055                            Newark, OH  43058-4190

                                             ROBERT E. JONES, PRO SE
                                             P.O. Box 5500
                                             Chillicothe, OH  45601

*Farmer, J.*

{¶1} On March 17, 1988, appellant, Robert Jones, pled guilty to three counts of rape with specifications in violation of R.C. 2907.02 and 2941.14.2. By judgment entry filed same date, the trial court sentenced appellant to an indeterminate term of ten to twenty-five years on each count, to be served consecutively.

{¶2} On September 9, 2002, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950 (Megan's Law). By judgment entry filed same date, the trial court classified appellant as a sexual predator.

{¶3} On April 20, 2012, appellant filed a motion to vacate registration requirements. By judgment entry filed June 20, 2012, the trial court denied said motion.

{¶4} Appellant filed a pro se appeal and assigned the following error:

I

{¶5} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY REOPENING A FINAL VALID JUDGMENT."

{¶6} On October 1, 2012, Attorney Christopher Shook filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). In said brief, Attorney Shook set forth a potential error that could be raised, but concluded there was no legal basis for same. Contemporaneous with the filing of the *Anders* brief, counsel requested to withdraw. Attorney Shook assigned the following potential error:

*ANDERS* I

{¶7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS DETERMINATION TO DENY APPELLANT'S MOTION TO VACATE REGISTRATION REQUIREMENTS."

I, *ANDERS* I

{¶8} These assignments challenge the trial court's determination to "reopen" the case to classify appellant as a sexual predator and to deny his motion to vacate registration requirements. We disagree with the arguments herein.

{¶9} On March 17, 1988, appellant pled guilty to three counts of rape and was sentenced to an indeterminate term of ten to twenty-five years on each count, to be served consecutively. Appellant did not appeal his sentence.

{¶10} On September 9, 2002, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950 (Megan's Law). By judgment entry filed same date, the trial court classified appellant as a sexual predator. Appellant did not appeal his classification.

{¶11} On April 20, 2012, appellant filed a motion to vacate registration requirements, arguing ex post facto laws and the Supreme Court of Ohio's decision in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374. The *Williams* court found the Adam Walsh Act, the successor to Megan's Law, violated the ex post facto clause of the Ohio Constitution.

{¶12} We note the *Williams* court did not overrule its prior decisions on the constitutionality of Megan's Law vis-à-vis ex post facto laws. See, *State v. Cook,* 83 Ohio St.3d 404 (1998); *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202; *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824. In addition, this court upheld the retroactive imposition of a sex offender classification upon an offender under Megan's Law. See, *State v. Wilson,* 5th Dist. No. 2011CA00266, 2012-Ohio-2164.

{¶13} The *Anders* court established five criteria which must be met before a motion to withdraw by appellate counsel may be granted. The five criteria are: (1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw by appellant's counsel was filed; (3) the existence of a brief by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the court should address. *Anders* at 744.

{¶14} Upon review, we find these five criteria have been met. Pursuant to *Anders* at 744:

***the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

{¶15} This court has made a full examination of all the proceedings and finds no error by the trial court. The trial court's classification of appellant was in compliance with the law.

{¶16} Based upon our review, we find this appeal to be frivolous, grant Attorney Shook's motion to withdraw, and affirm the trial court's decisions.

{¶17} Assignments of Error I and *Anders* I are denied.

{¶18} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ John W. Wise_____

                                JUDGES


SGF/db 1205

[Cite as *State v. Jones*, 2012-Ohio-6262.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT E. JONES | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12CA0054 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ John W. Wise_____

JUDGES