[Cite as *State v. Blankenburg*, 2012-Ohio-6175.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Respondent-Appellee, | : | CASE NO. CA2012-04-088 |
| | : | O P I N I O N |
| - vs - | | 12/28/2012 |
| | : | |
| MARK E. BLANKENBURG, M.D., | : | |
| Petitioner-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-03-0368


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for respondent-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011 and Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for petitioner-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Mark E. Blankenburg, M.D., appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief ("PCR").

{¶ 2} In October 2009, appellant, a pediatrician, was convicted by a jury of various sexual offenses involving his minor patients. This court affirmed the convictions on March 26, 2012. *State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289 (12th Dist.). On

November 20, 2010, appellant filed a petition for PCR with the trial court pursuant to R.C. 2953.21, asserting that his Sixth Amendment right to a jury trial had been violated due to juror bias.[1]

{¶ 3} The state moved for summary judgment on December 20, 2010, arguing that the claim of juror bias was not tenable under the "aliunde rule." Attached to appellant's memorandum in opposition to summary judgment were two affidavits from coworkers of the allegedly biased juror, T.M. According to the affidavits, T.M. had made statements that (1) her son had been a patient of appellant's; (2) she wanted to be a juror in the case so that she could see appellant "fry;" and (3) she wanted to be the jury foreman so that she could deliver the guilty verdict. In its reply brief, the state, again, argued that this information was barred by the "aliunde rule" but also asserted that the averments in the affidavits were inadmissible hearsay.

{¶ 4} On April 5, 2012, the trial court filed an "Order Denying Petition for Post Conviction Relief," granting the state's motion for summary judgment and denying appellant's petition without a hearing. In its order, the trial court found that appellant's claim was barred by the doctrine of res judicata. Appellant appeals the trial court's decision, raising a single assignment of error:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] WHEN IT DISMISSED HIS PETITION FOR POST-CONVICTION RELIEF.

{¶ 6} In his sole assignment of error, appellant argues that the trial court improperly granted the state's motion for summary judgment and dismissed his PCR petition on res judicata grounds because his petition was supported by material evidence outside the record

---

1. Appellant also asserted a claim that his Sixth Amendment rights were violated due to ineffective assistance of counsel. This claim was later dismissed with prejudice by appellant and is not before this court.

which was not known to appellant during trial or at the time of his direct appeal.[2] In its response, the state argues that the trial court was correct in applying the doctrine of res judicata to this case but contends that, even if res judicata does not apply, the trial court ruling should still stand, as the trial court ruled on the merits of the petition by finding that the affidavits supporting the petition contained inadmissible hearsay and are prohibited by Evid.R. 606(B).

{¶ 7} "A prosecuting attorney may move for summary judgment in postconviction proceedings pursuant to R.C. 2953.21(D)[.]" *State v. Benge*, 12th Dist. No. CA97-08-163, 1998 WL 204941, * 3 (Apr. 27, 1998). If a motion for summary judgment is made, the trial court must satisfy the procedural requirements of Civ.R. 56 by reviewing the pleadings, affidavits, files, and other records to determine whether genuine issues of material fact exist and whether a substantial constitutional issue is established. *Id.*, citing *State v. Milanovich*, 42 Ohio St.2d 46, 51-52 (1975). "Summary judgment in favor of the state and against a petitioner in postconviction proceedings is proper under Civ.R. 56 when (1) the state is entitled to judgment as a matter of law, (2) the state points to affirmative evidence showing no genuine issues as to any material fact, and (3) reasonable minds could come to but one conclusion, which is adverse to the [petitioner] against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor." *Id.* at * 4, citing *State v. DePew*, 97 Ohio App.3d 111, 113 (12th Dist.1994).

{¶ 8} PCR petitions are governed by R.C. 2953.21, which states, in pertinent part:

> (A)(1) Any person who has been convicted of a criminal offense *
> * * and who claims that there was such a denial or infringement
> of the person's rights as to render the judgment void or voidable

---

2. Appellant also contends that the trial court could not sua sponte raise the issue of res judicata, as it is an affirmative defense that must be raised in the answer or waived. However, pursuant to the Ohio Supreme Court in *State v. Lester*, 41 Ohio St.2d 51, 55 (1975), "if the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by res judicata." As such, we find that the trial court was permitted to raise the issue of res judicata sua sponte as to appellant's petition.

under the Ohio Constitution or the constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

**{¶ 9}** A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102; *State v. Bell*, 12th Dist. No. CA2001-08-197, 2002-Ohio-1341, ¶ 5. Under R.C. 2953.21, a criminal defendant challenging his conviction through a PCR petition is not automatically entitled to a hearing. *Calhoun* at 282; *State v. Hicks*, 12th Dist. No. CA2004-07-170, 2005-Ohio-1237, ¶ 9. A trial court properly denies a PCR petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Hicks* at ¶ 9; *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). The decision to grant or deny an evidentiary hearing is left to the sound discretion of the trial court. *Hicks* at ¶ 9; *Calhoun* at 284.

## Res Judicata

**{¶ 10}** A trial court may dismiss a PCR petition without a hearing on the basis of the doctrine of res judicata. *State v. Lindsey*, 12th Dist. No. CA2002-02-002, 2003-Ohio-811, ¶ 21; *State v. Perry*, 10 Ohio St.2d 175, 179 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Flanklin*, 12th Dist. No. CA2002-07-183, 2003-Ohio-1770, ¶ 11; *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996-Ohio-337; *Perry* at paragraph nine of the syllabus.

**{¶ 11}** There is an exception to the application of res judicata where the petitioner

presents competent, relevant, and material evidence outside the record that did not exist and was, therefore, unavailable at the time he filed his direct appeal. *State v. Benge*, 12th Dist. No. CA97-08-163, 1998 WL 204941, * 3 (Apr. 27, 1998); *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). However, for this exception to apply, the evidence outside the record must meet some threshold standard of cogency, must be genuinely relevant, and must materially advance a petitioner's claim that there has been a denial or infringement of his constitutional rights. *Id.*; *Lawson* at 315; *Lindsey* at ¶ 22. Furthermore, the doctrine of res judicata will still apply to the claim if the evidence outside the record is only "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." *Id.*; *Lindsey* at ¶ 22.

{¶ 12} In his PCR petition, appellant alleges that his Sixth Amendment right to a jury trial was abridged due to the bias of one juror, T.M. According to the affidavits of two of T.M.'s coworkers, T.M. harbored a bias towards appellant and was obsessed with becoming a juror on the case. The first affiant, Dale, averred on April 6, 2011, that (1) he and T.M. worked together at a pharmacy and often filled prescriptions from appellant; (2) T.M. told him that her son was a patient of appellant's; (3) T.M. expressed a great interest in being a juror in the case; (4) T.M. was obsessed with appellant's case, talking about it every day and frequently stating that she was "determined to be on that jury;" and (5) T.M. stated that she wanted to be the foreman of the jury so that she could deliver a guilty verdict to appellant. The second affiant, Timothy, averred on March 22, 2011, that (1) he and T.M. regularly filled prescription requests from appellant; (2) Dale told Timothy that T.M.'s child was a patient at appellant's pediatric office; (3) T.M. told Dale that she was determined to get on the jury for appellant's trial; and (4) T.M. told Dale that she wanted to see appellant "fry" for what he had allegedly done to the victims.

{¶ 13} In its Order Denying Petition for Postconviction Relief, the trial court determined

that appellant "failed to meet his burden to show that the evidence he presented is more than marginally significant and that it advances his claim beyond a mere hypotheses that the result would be different if this evidence had been submitted at trial." Further, the trial court held that appellant's claims "were either raised or could have been raised on direct appeal, and are thus barred by res judicata." There were no facts in evidence to determine whether the information provided in the affidavits was known to appellant prior to his direct appeal.

{¶ 14} Having carefully reviewed the evidence, the issues raised by the affidavits, and appellant's arguments with regard to this evidence, we find that the trial court erred in granting summary judgment in the state's favor without first holding a hearing on the PCR petition. The bias or prejudice of even one juror may cause the violation of one's right to a fair trial. *See Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir.1998); *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir.1977); *Stone v. United States*, 113 F.2d 70, 77 (6th Cir.1940). Appellant's evidence demonstrates the potential bias of a juror in a case that resulted in a more than 20-year prison term. There is no evidence in the original trial record or from the parties that the information contained in the two affidavits was known to appellant at the time of the direct appeal to this court. On the contrary, the affidavits are dated over one year after the original appeal was filed. Therefore, if true, this outside evidence is more than marginally relevant to support appellant's claim that he did not receive a fair trial. Accordingly, it was error for the trial court to summarily dismiss appellant's petition. As such, further exploration of this issue was warranted and a hearing on appellant's petition should be held.

**Inadmissible Hearsay**

{¶ 15} We now turn to the state's argument that the trial court not only determined that appellant's petition should be denied on the basis of res judicata, but also on the merits of the case, with a finding that the affidavits were comprised of inadmissible hearsay. In support of this argument, the state relies on one sentence in the trial court's Order Denying Petition for

Postconviction Relief: "Both affidavits are from co-workers of a seated juror and are comprised of inadmissible hearsay."

{¶ 16} Although the trial court should give due deference to affidavits sworn to under oath, it may exercise its discretion and determine that the affidavit testimony lacks credibility "without first observing or examining the affiant." *State v. Calhoun*, 86 Ohio St.3d 279, 284 (1999); *State v. Hoop*, 12th Dist. No. CA2004-02-003, 2005-Ohio-1407, ¶ 11. "[W]here a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." *Calhoun* at 284, citing *State v. Perry*, 10 Ohio St.2d 175 (1967). In determining the credibility of supporting affidavits in PCR proceedings, the trial court should consider all relevant factors including:

> (1) whether the judge reviewing the [PCR] petition also presided at the trial,
>
> (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person,
>
> (3) whether the affidavits contain or rely on hearsay,
>
> (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and
>
> (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754-756 (1st Dist.1994).

{¶ 17} "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Id.* "A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in

- 7 -

order that meaningful appellate review may occur." *Id.*

**{¶ 18}** Essentially, the state is arguing that, because the trial court stated that the affidavits contain inadmissible hearsay, the trial court determined that the affiants lacked credibility and, therefore, denial of the PCR petition was appropriate. However, the trial court did not find that the affiants were not credible. Rather, the trial court merely stated that the affidavits were comprised of inadmissible hearsay. Consideration of only one factor, without explanation, is not a sufficient basis for denying the PCR petition. Therefore, we find that the trial court did not make a credibility determination regarding the affidavits but, instead, simply stated that the affidavits contained hearsay.

### The Aliunde Rule

**{¶ 19}** The state also argues that Evid.R. 606(B), the "aliunde rule," was applied in this case by the trial court to bar the use of Dale's and Timothy's affidavits. The state maintains that the trial court relied upon this rule when it cited briefly to Evid.R. 606(B): "See also, Evid.R. 606(B)."

**{¶ 20}** Evid.R. 606(B) embodies the "aliunde rule" and governs the competency of a juror to testify at a subsequent proceeding concerning the original verdict. The rule provides, in pertinent part:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented.

"The rule is intended to preserve the integrity of the jury process and the privacy of deliberations, to protect the finality of the verdict, and to insulate jurors from harassment by

dissatisfied or defeated parties by prohibiting a court from questioning a juror about what occurred during deliberations, or about anything else that may have affected the juror's mind or emotions in the deliberations process once a final verdict is rendered." *State v. Reiner*, 89 Ohio St.3d 342, 341, 2000-Ohio-190, reversed on other grounds, 532 U.S. 17 (2001); *State v. Schiebel*, 55 Ohio St.3d 71, 75 (1990).

{¶ 21} "In order to permit juror testimony to impeach the verdict, a foundation of extraneous, independent evidence [*i.e.*, evidence aliunde] must first be established." *Schiebel* at 75. "This foundation must consist of information from sources other than the jurors themselves, and the information must be from a source which possesses firsthand knowledge of the improper conduct." *Id.*, citing *Wicker v. Cleveland*, 150 Ohio St. 434 (1948).

{¶ 22} Although the trial court alludes to the aliunde rule by generally citing Evid.R. 606(B), the trial court's decision is not based on that rule. Rather, the decision focuses primarily on the application of res judicata. Further, appellant did not raise the aliunde rule on appeal and, therefore, the issue is not before this court. Consequently, we decline to address the application of the aliunde rule to this case. Therefore, appellant's sole assignment of error is sustained and this cause is reversed and remanded for proceedings consistent with this opinion.

{¶ 23} Judgment reversed and remanded.

POWELL, P.J., and HENDRICKSON, J., concur.