[Cite as *State v. Elder*, 2013-Ohio-3574.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-01-008 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/19/2013 |
| - vs - | | |
| | : | |
| TODD D. ELDER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR97-04-0298

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, Michael A. Oster, Jr., 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Todd D. Elder, #A348688, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1}  Defendant-appellant, Todd D. Elder, appeals pro se from the Butler County Court of Common Pleas decision denying his motion to vacate his sexual predator classification.  For the reasons outlined below, we affirm.

{¶ 2}  In June of 1997, Elder pled guilty and was convicted of single counts of rape, felonious assault and gross sexual imposition.  Following his guilty plea, the trial court

sentenced Elder to serve a total of 19 and one-half years in prison, fined him $17,500, and adjudicated him a sexual predator under former R.C. Chapter 2950, commonly referred to as Megan's Law.

{¶ 3} Elder subsequently appealed from the trial court's decision. As part of his appeal, Elder argued that his sexual predator classification was in violation of the Ohio Constitution's prohibition on retroactive laws and the Ex Post Facto Clause of the United States Constitution. This court disagreed and affirmed Elder's conviction and sentence in *State v. Elder*, 12th Dist. Butler No. CA97-07-142, 1998 WL 233390 (May 11, 1998). The Ohio Supreme Court declined review in *State v. Elder*, 82 Ohio St.3d 1482 (1998).

{¶ 4} On September 19, 2012, over 14 years after this court affirmed his conviction and sentence, Elder filed a motion to vacate his sexual predator registration and classification. In support of his motion, Elder once again argued that the trial court erred in adjudicating him a sexual predator as it was in violation of the Ohio Constitution's prohibition on retroactive laws and the Ex Post Facto Clause of the United States Constitution. The trial court denied Elder's motion finding it was barred by the doctrine of res judicata and was otherwise without merit. Elder now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 5} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT CONTRARY TO THE LEGISLATURE.

{¶ 6} In his single assignment of error, although couched in a claim alleging the trial court abused its discretion at sentencing, Elder actually appeals from the trial court's decision denying his motion to vacate his sexual predator classification. In support of this claim, Elder again argues that his sexual predator classification violates the Ohio Constitution's prohibition on retroactive laws and the Ex Post Facto Clause of the United States Constitution. However, as noted above, this court has already addressed these arguments on direct

appeal. In fact, as this court explicitly stated in *Elder*:

> In this assignment of error, appellant's attack is two-pronged. First, he contends that because he committed the offenses prior to the effective date of R.C. 2950.01 et seq., the trial court erred as a matter of law in applying the applicable provisions in violation of the Ex Post Facto Clause of the United States Constitution. Such argument was considered and rejected by this court in [*State v. Lyttle*, 12th Dist. Butler No. CA97-03-060, 1997 WL 786216 (Dec. 22, 1997) and *State v. Nicholas*, 12th Dist. Warren Nos. CA97-05-045, CA97-04-035, CA97-04-036, CA97-05-040, CA97-05-044, CA97-05-046, CA97-05-047, CA97-05-052, CA97-06-63, 1998 WL 166436 (Apr. 6, 1998)]. In *Lyttle*, we held that classifying a person as a sexual predator pursuant to R.C. 2950.01 et seq. did not violate the Ex Post Facto Clause of the United States Constitution because the 'classification scheme and attendant registration, verification, and notification provisions set forth in R.C. Chapter 2950 are not punitive.' [*Lyttle* at *8.] On this authority, we find appellant's first attack on R.C. Chapter 2950 unpersuasive.
>
> In the second prong of his attack, appellant contends that because he committed these offenses prior to the effective date of R.C. 2950.01 et seq. the trial court erred as a matter of law by applying the applicable provisions in violation of the retroactive clause of the Ohio constitution. Again, such argument was considered and rejected by this court in *Lyttle* when we determined that R.C. Chapter 2950 does not violate Ohio's constitutional provision against retroactive legislation. Specifically, we held that 'application of R.C. Chapter 2950 does not impair or take away any vested right, affect an accrued substantive right, or impose new or additional burdens, duties, obligations or liabilities based upon past conduct.' [*Lyttle* at *11.] Having considered the foregoing arguments, we conclude that appellant's fourth assignment of error is without merit.

*Id.*, 1998 WL 233390 at *6.

{¶ 7} As this court has already determined Elder's challenges to his sexual predator classification lack merit, the trial court correctly determined that any additional challenge was effectively barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant

at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Flanklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11; *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).

{¶ 8} Nevertheless, even if we were to find Elder's claims were not barred by the doctrine of res judicata, which we do not, Elder's claims still fail as a matter of law. While there has been some confusion in recent years regarding the constitutionality of the amended sex offender registration law under the Adam Walsh Act, *see State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the Ohio Supreme Court has consistently held that the pre-Adam Walsh Act versions of R.C. Chapter 2950 applicable here "are remedial, not punitive, and that retroactive application of them does not violate the Ohio or United States Constitutions." *State v. Lay,* 2d Dist. Champaign No. 2012-CA-7, 2012-Ohio-4447, ¶ 7; *State v. Cook*, 83 Ohio St.3d 404 (1998), paragraph one of the syllabus. The same is true regarding the numerous challenges invoking the Ex Post Facto Clause as found in the United States Constitution. *See Cook* at paragraph two of the syllabus; *see also Smallwood v. State*, 12th Dist. Butler No. CA2011-02-021, 2011-Ohio-3910, ¶ 21; *State v. Wilson*, 5th Dist. Stark No. 2011CA00266, 2012-Ohio-2164, ¶ 9. Elder's single assignment of error is therefore overruled.

{¶ 9} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.