[Cite as *State v. Stegall*, 2015-Ohio-3934.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-01-012 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/28/2015 |
| - vs - | | |
| | : | |
| JUSTIN STEGALL, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-12-2121


Michael T. Gmoser, Butler County Prosecuting Attorney, Audra R. Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Justin Stegall, #A626978, Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1}  Defendant-appellant, Justin Stegall, appeals pro se from the decision of the Butler County Court of Common Pleas denying his motion requesting the trial court to correct his allegedly void sentence.  For the reasons outlined below, we affirm.

{¶ 2}  On January 20, 2010, the Butler County Grand Jury returned an indictment charging Stegall with five counts of aggravated robbery, all first-degree felonies that included

firearm specifications, two counts of failure to comply with the order or signal of a police officer, one a third-degree felony with the other a fourth-degree felony, and one count of receiving stolen property, also fourth-degree felony. According to the bill of particulars, the charges stemmed from Stegall's involvement in a series of armed robberies in Butler County that occurred on October 17, 2009, for which Stegall was arrested following a brief police chase.

{¶ 3} On March 17, 2010, after entering into a plea agreement, Stegall pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony that included a firearm specification (Count 9), an additional count of aggravated robbery in violation of R.C. 2911.01(A)(1), also first-degree felony (Count 12), as well as single counts of failure to comply with the order or signal of a police officer in violation of 2921.331(B), a third-degree felony (Count 15), and receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony (Count 14). The trial court found Stegall guilty and sentenced him to serve a total aggregate term of 15 years in prison.

{¶ 4} On January 24, 2011, this court dismissed Stegall's direct appeal in *State v. Stegall*, 12th Dist. Butler No. CA2010-03-070, 2011-Ohio-262, finding it wholly frivolous after his appellate counsel filed an appellate brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). The Ohio Supreme Court subsequently denied Stegall's motion for a delayed appeal in *State v. Stegall*, 137 Ohio St.3d 1472, 2014-Ohio-176. This court then denied Stegall's untimely application to reopen his appeal in *State v. Stegall*, 12th Dist. Butler No. CA2010-03-070 (Feb. 4, 2014) (Entry Denying Application for Reopening).

{¶ 5} After the trial court twice denied Stegall's motions to withdraw his guilty plea, Stegall filed a motion on January 30, 2014 requesting the trial court to correct his allegedly void sentence. As part of this motion, Stegall argued his sentence was void because the trial

court's sentencing entry failed to expressly state that his two-year prison sentence for his failure to comply with the order or signal of a police officer (Count 15) was to be served consecutively with his 10-year prison sentence for aggravated robbery (Count 12) and his 18-month sentence for receiving stolen property (Count 14), both of which were ordered to run concurrent to his 10-year prison sentence for aggravated robbery (Count 9). According to Stegall, based on the now former R.C. 2929.14(E)(3) and R.C. 2921.331(D), "the court was required by statute to impose a consecutive sentence for the failure-to-comply conviction."

{¶ 6} Approximately one year later, on January 15, 2015, the trial court issued its decision denying Stegall's motion to correct his allegedly void sentence. In so holding, the trial court stated:

> The matter before the Court is defendant's motion to "correct void sentence." No copy of the defendant's motion was provided to this Court by defendant so the Court was unaware of the motion. After careful consideration, the original judgment of conviction entry filed by this Court is correct and reflects the sentence of this Court. Therefore, the motion of the defendant is overruled.

Stegall now appeals from the trial court's decision denying his motion, raising one assignment of error for review.

{¶ 7} APPELLANT WAS DENIED DUE PROCESS UPON TRIAL COURT'S ABUSE OF DISCRETION WHEN IT FAILED TO CORRECT A VOID SENTENCE.

{¶ 8} In his single assignment of error, Stegall argues the trial court erred by denying his motion requesting the trial court to correct his allegedly void sentence. We disagree.

{¶ 9} As relevant here, pursuant to former R.C. 2929.14(E)(3), the statute in effect at the time Stegall was sentenced, "[i]f a prison term is imposed for * * * a felony violation of division (B) of section 2921.331 of the Revised Code," such as the case here, "the offender shall serve that prison term consecutively to any other prison term or mandatory prison term

previously or subsequently imposed upon the offender."[1] Similarly, R.C. 2921.331(D) provides that "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

{¶ 10} As noted above, Stegall was charged with the failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). According to the bill of particulars, "the operation of the motor vehicle by the defendant caused a substantial risk of serious physical harm to persons or property," thereby placing the charge within the provisions of R.C. 2921.331(C)(5)(a)(ii). Pursuant to that statute, "[a] violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds * * * [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶ 11} As the record reflects, Stegall pled guilty to a violation of R.C. 2921.331(B) and was properly sentenced to a third-degree felony pursuant to R.C. 2921.331(C)(5)(a)(ii). Therefore, under the terms of both former R.C. 2929.14(E)(3) and 2921.331(D), the trial court was required to impose any prison term for Stegall's failure to comply with the order or signal of a police officer (Count 15) consecutively to any other prison term imposed upon him.

{¶ 12} To that end, it is undisputed that the trial court properly sentenced Stegall in accordance with former R.C. 2929.14(E)(3) and 2921.331(D) at the sentencing hearing. As the trial court stated:

> As to count nine, the Court will impose ten years in prison plus pay the cost of prosecution. Count twelve, ten years in the Ohio Department of Corrections plus play the cost of prosecution. As to count fourteen, which is the receiving stolen property, the

---

1. It should be noted, the applicable language found in former R.C. 2929.14(E)(3) has since been codified in R.C. 2929.14(C)(3).

Court will also impose an 18-month sentence plus pay the cost of prosecution. Counts nine, twelve, and fourteen will run concurrently with each other. As to the gun specification, the Court will impose a consecutive three-year sentence plus pay the cost of prosecution. *And as to the failure to comply with the signal of a police officer, the Court will impose an additional two year consecutive prison term, again, because that has to be served consecutive by law, so the record is clear, it is the intention of the Court to impost a fifteen-year prison term.* I think it's reflected by that.

(Emphasis added.)

{¶ 13} Nevertheless, Stegall claims his sentence is void because the trial court's sentencing entry only ordered his two-year prison sentence for failure to comply with an order or signal of a police officer (Count 15) to be served consecutively to his aggravated robbery charge (Count 9), without also specifically ordering that sentence to be served consecutively to his sentences for aggravated robbery (Count 12) and receiving stolen property (Count 14).

{¶ 14} However, just as the trial court stated at the sentencing hearing, the trial court's sentencing entry indicates the sentences imposed for aggravated robbery (Count 12) and receiving stolen property (Count 14) were ordered to be served concurrently with the sentence imposed for aggravated robbery with a firearm specification (Count 9). In turn, contrary to Stegall's claim, we find the trial court's sentencing entry properly ordered Stegall's two-year prison sentence for his failure to comply with an order or signal of a police officer (Count 15) to run consecutively to any other prison term imposed upon him. To hold otherwise would be improper considering the concurrent nature of the sentences imposed for his aggravated robbery and receiving stolen property convictions. Therefore, based on the record here, we find no error in the trial court's decision to deny Stegall's motion to correct his allegedly void sentence.

{¶ 15} In so holding, we note that even if we were to find merit with Stegall's claim that his sentence was somehow void due to an error within the trial court's sentencing entry,

which we do not, remanding this matter for resentencing would not have violated the protections of the Double Jeopardy Clause of the United States and Ohio Constitutions. As noted by the Tenth District Court of Appeals in *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775, a decision that addressed a similar issue to the case at bar:

> Ohio courts have rejected the assertion that correcting a statutorily deficient sentence on remand violates the constitutional protections against double jeopardy. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). "Because jeopardy does not attach to a void sentence, the subsequent imposition of the statutorily required sentence cannot constitute double jeopardy." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 27. In this case, the trial court was statutorily required to impose a consecutive sentence for appellee's conviction for failure to comply but failed to do so. Therefore, appellee's original sentence was void. Jeopardy did not attach to the void sentence, and an order from the trial court correcting the sentence would not constitute double jeopardy. *See, e.g., State v. Jackson*, 10th Dist. No. 06AP631, 2007-Ohio-1474, ¶ 16 (defendant was not subjected to double jeopardy when trial court re-sentenced him and imposed a statutorily required three-year period of post-release control); *State v. Aylward*, 11th Dist. No. 2003-P-0097, 2004-Ohio-6176, ¶ 29 (re-sentencing would not violate double jeopardy protections where the trial court failed to comply with statutory requirement of making findings on the record at the sentencing hearing).

*Id.* at ¶ 9.

{¶ 16} In turn, even if we were to find his sentence was void, thereby requiring this matter to be remanded for resentencing, Stegall would not have been subject to a violation of double jeopardy as he appears to suggest. *State v. James*, 12th Dist. Clermont No. CA2008-04-037, 2009-Ohio-1453, ¶ 14 (trial court did not violate appellant's constitutional guarantee against double jeopardy by later correcting appellant's sentence because jeopardy does not attach to a void sentence); *State v. Creager*, 12th Dist. Clermont No. CA2007-01-007, 2007-Ohio-5188, ¶ 19 ("[b]ecause jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting

- 6 -

the sentence").

{¶ 17} In light of the foregoing, because the trial court's decision sentencing Stegall to a total aggregate term of 15 years in prison is not void, Stegall's argument is barred by the doctrine of res judicata as he could have raised this issue as part of his direct appeal. Although inapplicable to a void sentence, *see State v. Waltz*, 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, ¶ 26, under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10. Therefore, because the doctrine of res judicata applies to bar Stegall's claim, his single assignment of error is overruled.

{¶ 18} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.