[Cite as *State v. Meyer*, 2018-Ohio-3009.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : CASE NO. CA2017-12-063

: O P I N I O N
- vs - 7/30/2018

:

RONALD MEYER, :

    Defendant-Appellant. :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016 CR 00250

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Ronald Meyer, #A731292, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140-0740, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Petitioner-appellant, Ronald Meyer, appeals from the decision of the Clermont County Court of Common Pleas denying his petition for postconviction relief. For the reasons detailed below, we affirm.

{¶ 2} Meyer entered a guilty plea to one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a first-degree felony, and one count of corrupting another with

drugs in violation of R.C. 2925.02(A)(5), also a first-degree felony. The bill of particulars provided factual background of the offense:

> Specifically, the co-defendant gave birth to a child on 3/28/16 in the bathtub at 4232 Clough Lane; Cincinnati, Ohio 45245. Prior to giving birth, the defendant manufactured methamphetamine at the residence where the defendant [sic] and her newborn baby were living. The defendant and co-defendant used methamphetamine prior to the child's birth, and continued to use methamphetamine which the co-defendant passed on to her newborn baby when she breastfed him. The defendant would provide methamphetamine to the co-defendant after manufacturing it. This occurred prior to the child's birth when the co-defendant was pregnant, and subsequent to the child's birth. A search warrant for the premises was obtained, and officers uncovered pseudoephedrine pills, and lithium battery strips along with other components used to manufacture methamphetamine. Officers also discovered a pipe and cut straws that contained methamphetamine. Both the defendant and co-defendant admitted to consuming methamphetamine during the stated timeframe. The defendant admitted to manufacturing methamphetamine inside the residence.

{¶ 3} The trial court sentenced Meyer to a six-year prison term for manufacturing drugs and a consecutive three-year prison term for corrupting for an aggregate prison term of nine years. Meyer did not file a direct appeal challenging either his conviction or sentence.

{¶ 4} Approximately 11 months later, Meyer filed a pro se motion for postconviction relief. The trial court denied Meyer's motion for postconviction relief. Meyer now appeals, raising four assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT IMPROPERLY DENIED DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF CITING RES JUDICATA WHERE DEFENDANT WAS PREJUDICED BY A VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW AND COUNSEL WAS INEFFECTIVE IN ALLOWING DEFENDANT TO ACCEPT A GUILTY PLEA

- 2 -

WHICH LACKED FACTUAL BASIS AND WAS CONTRARY TO LAW.

{¶ 9} Assignment of Error No. 3:

{¶ 10} COUNSEL WAS INNEFFECTIVE [sic] FOR ALLOWING DEFENDANT TO ACCEPT A GUILTY PLEA THAT WAS CONTRARY TO LAW AND ENTERING INTO AN OPEN SENTENCE AGREEMENT.

{¶ 11} Assignment of Error No. 4:

{¶ 12} TRIAL COURT ABUSED IT'S [sic] DISCRETION BY FAILURE TO CONDUCT AN EVIDENTUARY [sic] HEARING AND APPOINT COUNSEL IN VIOLATION OF PLAIN ERROR.

{¶ 13} We will address Meyer's assignments of error together. In his four assignments of error, Meyer argues the trial court erred by denying his petition for postconviction relief. We find no merit to Meyer's argument.

{¶ 14} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8. Under R.C. 2953.21(C) "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶ 15} "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-

2394, ¶ 34.

{¶ 16} In a written decision, the trial court denied Meyer's petition for postconviction relief on the basis of res judicata. Following review, we find no error in the trial court's decision. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Elder*, 12th Dist. Butler No. CA2013-01-008, 2013-Ohio-3574, ¶ 7; *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 18.

{¶ 17} There is an exception to the application of res judicata where the petitioner presents competent, relevant, and material evidence outside the record that did not exist and was, therefore, unavailable at the time he filed his direct appeal. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 11. However, for this exception to apply, the evidence outside the record must meet some threshold standard of cogency, must be genuinely relevant, and must materially advance a petitioner's claim that there has been a denial or infringement of his constitutional rights. *Id.*

{¶ 18} Meyer raises a litany of complaints, arguing that he received ineffective assistance of counsel, and also argues that his guilty plea lacked any factual basis and he should have received less prison time or been provided with an agreed upon sentence. Meyer complains that his counsel "did little more than to persuade him to plead guilty and hope for the best" and his counsel "convinced him to agree to plea [sic] guilty where there was no agreed upon sentencing terms of years of incarceration." Because these arguments could have been raised on direct appeal, we find that Meyer's claims are now barred by res judicata.

{¶ 19} Meyer's claims that the state failed to prove its case beyond a reasonable doubt are similarly without merit, as "the effect of a guilty plea" is a "complete admission of the defendant's guilt." *State v. Middleton*, 12th Dist. Butler No. CA2010-07-173, 2011-Ohio-1631, ¶ 8. Though Meyer also claims that his convictions lacked a "factual basis," we note the bill of particulars sets forth the criminal conduct that the state would have sought to prove at trial had Meyer not entered into a guilty plea. Furthermore, we find that no exception to the application of res judicata applies in the present case, as Meyer does not present any competent, relevant, or material evidence to support his claims in this matter. As a result, we find Meyer's four assignments of error to be without merit and they are hereby overruled.

{¶ 20} Judgment affirmed.

S. POWELL, P.J., concurs.

PIPER, J., concurs separately.

**PIPER, J., concurring separately.**

{¶ 21} I concur with the majority's application of res judicata and to affirming the judgment of the trial court. However, I disagree with an analysis that suggests we need to examine the factual content of the bill of particulars as to what the state would have proved had Meyer not pled guilty.

{¶ 22} Meyer did not file a direct appeal indicating the trial court's colloquoy was in any way constitutionally defective. Therefore, we presume Meyer was informed before his guilty plea was accepted, that by pleading guilty, he was admitting the truth of the charges and waiving the state's burden to prove him guilty beyond a reasonable doubt. Therefore, Meyer's guilty plea waived any need to prove the factual content supporting his charges. *State v. Lampe*, 12th Dist. Warren No. CA2015-03-028, 2015-Ohio-3837.

{¶ 23} In pleading guilty, Meyer waived any claim regarding the "factual basis" for his charges. This is significant because upon being indicted a defendant is often aware of his or her conduct supporting the charges and knows of his or her culpability; many times a guilty plea is entered before a bill of particulars is filed by the state. In applying res judicata to Meyer's postconviction relief petition, there is no need to examine a bill of particulars.

{¶ 24} In all other aspects of the majority opinion, I concur.