[Cite as *State v. Stegall*, 2022-Ohio-2985.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-03-027 |
| | : | O P I N I O N |
| - vs - | | 8/29/2022 |
| | : | |
| JUSTIN STEGALL, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-12-2121


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Justin Stegall, pro se.



**S. POWELL, J.**

{¶ 1}  Appellant, Justin Stegall, appeals from the decision of the Butler County Court of Common Pleas denying his second and most recent motion to correct his allegedly "void" 15-year prison sentence that was imposed after he pled guilty to two counts of first-degree felony aggravated robbery, one of which included a firearm specification, one count of third-

degree felony failure to comply with the order or signal of a police officer, and one count of fourth-degree felony receiving stolen property. For the reasons outlined below, we affirm.

{¶ 2} On March 17, 2010, Stegall pled guilty to the above-named offenses and firearm specification that arose from his involvement in a series of armed robberies that occurred in Butler County, Ohio on October 17, 2009. Stegall subsequently appealed his conviction to this court. However, on January 24, 2011, this court dismissed Stegall's appeal upon finding the appeal wholly frivolous under the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). *State v. Stegall*, 12th Dist. Butler No. CA2010-03-070, 2011-Ohio-262, ¶ 3. The Ohio Supreme Court thereafter denied Stegall's motion for delayed appeal on January 22, 2014. *State v. Stegall*, 137 Ohio St.3d 1472, 2014-Ohio-176.

{¶ 3} On January 30, 2014, Stegall filed his first motion to correct his allegedly "void" 15-year prison sentence. The trial court issued a decision denying Stegall's motion approximately one year later, on January 15, 2015. Stegall then appealed the trial court's decision and this court affirmed. *State v. Stegall*, 12th Dist. Butler No. CA2015-01-012, 2015-Ohio-3934. In so holding, this court specifically stated that "the trial court's decision sentencing Stegall to a total aggregate term of 15 years in prison is not void * * *." *Id.* at ¶ 17. The Ohio Supreme Court subsequently declined review on February 10, 2016. *State v. Stegall*, 144 Ohio St.3d 1478, 2016-Ohio-467.

{¶ 4} On February 14, 2022, Stegall filed another motion to correct his allegedly "void" 15-year prison sentence. To support his motion, Stegall argued his sentence had been rendered void by the General Assembly's passage of Am. Sub. S.B. No. 256 ("SB 256") effective April 12, 2021. The trial court denied Stegall's motion on February 25, 2022. In so doing, the trial court initially noted that Stegall had been 16 years old at the time the offenses for which he was convicted took place and that Stegall was "sentenced as an adult

after the case had been transferred from the juvenile court system." The trial court then noted, in pertinent part, the following:

> Defendant does not provide any actual statutory citations for his rather convoluted argument that he was somehow sentenced in a manner contrary to the effects of 2021's SB 256. The primary purpose of SB 256 was to prohibit sentences of life without parole for offenders under eighteen years of age. * * * Defendant, in 2010, did not receive a sentence of life without parole. Defendant has failed to point to the Court any other statutory provision or legal principle under which he could be entitled to have this Court review his original sentence. As such, Defendant's motion to correct void sentence is hereby DENIED as not being well taken.

{¶ 5} On March 23, 2022, Stegall filed a timely notice of appeal from the trial court's decision. Stegall's appeal now properly before this court for decision, Stegall has raised the following three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO CORRECT APPELLANTS (sic) VOID SENTENCE, VIOLATING HIS DUE PROCESS CAUSE TO THE 5TH AND 14TH U.S. CONST. AMEND.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO CORRECT APPELLANT (sic) VOID SENTENCE WHEN HIS SENTENCE RUNS AFOUL WITH OHIO RETROACTIVE CLAUSE, OHIO CONST. ART 11; 28.

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO CORRECT APPELLANTS (sic) VOID SENTENCE WHILE DEPRIVING APPELLANT OF RIGHTS TO APPEAL IN VIOLATION TO THE DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE FED. CONST.

{¶ 12} In his three assignments of error, Stegall reiterates the same basic arguments

he raised below in his most recent motion to correct his allegedly "void" 15-year prison sentence. This necessarily means that, on appeal, Stegall is arguing the trial court erred by failing to find his 15-year prison sentence had been rendered "void" by the General Assembly's passage of SB 256 effective April 12, 2021. To support this claim, Stegall argues the trial court's failure to find his sentence "void" violated his due process and equal protection rights guaranteed to him under the United States and Ohio Constitutions. Stegall also argues the trial court's failure to find his sentence "void" runs afoul of the Retroactive Clause found in Article II, Section 28, of the Ohio Constitution. We disagree with all of Stegall's claims.

{¶ 13} "A void sanction is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Williams*, 12th Dist. Butler No. CA2018-03-055, 2018-Ohio-3990, ¶ 20. Recently, in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, the Ohio Supreme Court realigned its void-versus-voidable jurisprudence with the "traditional understanding of what constitutes a void judgment." *Id.* at ¶ 4. "That is to say, the Ohio Supreme Court clarified its prior decisions discussing the void/voidable conundrum and explicitly stated that '[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable,' not void." *State v. Brasher*, 12th Dist. Butler No. CA2020-08-094, 2021-Ohio-1688, ¶ 17, quoting *Id.* "If a judgment entry is voidable, then it must be challenged on direct appeal, or else principles of res judicata will apply * * *." *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, ¶ 12.

{¶ 14} After a thorough review of the record and applicable law, we agree with the trial court's finding the primary purpose behind SB 256 was to prohibit defendants from being sentenced to life in prison without the possibility of parole for an offense committed

- 4 -

as a minor. In this case, however, although Stegall was a minor at the time he committed his offenses, the trial court did not sentence Stegall to life in prison without the possibility of parole. The trial court instead sentenced Stegall to serve a definite 15-year prison term. Therefore, despite what Stegall seems to believe, we find it clear that SB 256 is not applicable to the case at bar given that Stegall was not sentenced to life in prison without the possibility of parole for the offenses he committed as a minor. Accordingly, given the inapplicability of SB 256 to the case at bar, the General Assembly's passage of SB 256 did not render Stegall's sentence "void." Stegall's sentence was at the time of its imposition, and is still now, a valid 15-year prison sentence. Stegall's three assignments of error lack merit and are overruled.

{¶ 15} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.