[Cite as *State v. Blanda*, 2014-Ohio-2234.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                   :

    Plaintiff-Appellee,                       :

    - vs -                                          :

VINCENT J. BLANDA,                          :

    Defendant-Appellant.               :

CASE NO. CA2013-06-109

O P I N I O N
5/27/2014

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2008-04-0579

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, J.**

{¶ 1}  Defendant-appellant, Vincent J. Blanda, appeals from the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief.  For the reasons outlined below, we affirm.

{¶ 2}  On May 7, 2008, a Butler County grand jury returned an indictment charging Blanda with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor, child endangering in violation of R.C. 2919.22(B)(1), a second-degree felony, and felony

murder in violation of R.C. 2903.02(B), an unclassified felony. The charges stemmed from Blanda admittedly shaking his five-month-old daughter, Brooklyn, until she stopped crying, vomited, and went limp. The infant child died the following day. The death was ultimately ruled a homicide after an autopsy revealed she had suffered an intracranial hemorrhage due to cranial cerebral trauma. Blanda was then subject to three-day jury trial.

{¶ 3} During jury deliberations, the jury asked the trial court a series of questions. As relevant here, the jury first asked for clarification regarding the "essential elements" of felony murder, to which the trial court responded by directing the jury to re-read the jury instructions defining felony murder found on page 17 of the jury instructions. Next, the jury asked the trial court whether "foreseeability" was an "essential element" of felony murder, to which the trial court responded that foreseeability was not an element of felony murder and directed the jury to re-read the jury instructions regarding causation and the definition of foreseeability found on pages 17 and 18 of the jury instructions.

{¶ 4} It is undisputed that each of the jury's questions and trial court's responses were discussed in chambers with trial counsel. Blanda, however, was not present during this time. It is also undisputed that trial counsel signed each of the jury's questions and trial court's responses prior to the written responses being returned to the jury. No transcript was ever made of these in-chambers discussions, nor were the contents of these discussions otherwise placed on the record. Following deliberation, the jury found Blanda guilty of all charges and the trial court sentenced him to serve an indefinite term of 23 years to life in prison.

{¶ 5} Blanda subsequently appealed from his conviction arguing the trial court erred in its sentencing decision as the offenses were allied offenses of similar import subject to merger pursuant to R.C. 2941.25. This court agreed and reversed and remanded the matter for resentencing in *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050, 2011-Ohio-411,

appeal not accepted, 132 Ohio St.3d 1514, 2012-Ohio-4021. Upon remand, the trial court merged Blanda's convictions for domestic violence and child endangering with his conviction for felony murder. The trial court then re-sentenced Blanda to an indefinite term of 15 years to life in prison for the murder of his infant daughter.

{¶ 6} On December 2, 2010, while his direct appeal was still pending, Blanda filed a pro se petition for postconviction relief. Thereafter, on April 27, 2011, Blanda filed additional documents in support of his petition. As part of his petition, Blanda claimed that he received ineffective assistance of trial counsel because his trial counsel failed to "present evidence or witnesses which he had knowledge of before trial which would have proven [his] innocence," i.e., telephone records, his psychological and mental health records evidencing his "numerous mental disorders/disabilities," as well as evidence regarding the credibility and alleged false testimony of the state's witnesses. Blanda also alleged the state "deliberately withheld" evidence from him.

{¶ 7} Neither Blanda's pro se petition, nor the additional documents filed in support of his petition, however, contained a certificate of service indicating these filings were served on the state. As a result, it is undisputed that both the state and the trial court were unaware that Blanda had filed a petition for postconviction relief until several months later when the state conducted a case inquiry on the trial court's online docket. After discovering Blanda's pro se petition, the state requested additional time to respond, which the trial court granted in an entry filed on September 28, 2011. The state then filed its response to Blanda's pro se petition on October 7, 2011, requesting the petition be denied.

{¶ 8} On December 16, 2011, Blanda, now represented by counsel, filed a motion for leave to file an amended petition for postconviction relief. As part of the amended petition submitted to the trial court, counsel incorporated Blanda's prior pro se petition by reference and also provided the following additional ground for relief:

- 3 -

> During jury deliberations at trial, a substantive written jury question was communicated to the trial court. The question apparently was discussed between counsel and the Court and, over objection of defense counsel, a written answer was provided to jurors by the trial court. *All of this took place outside the presence and knowledge of Defendant-Petitioner. Moreover, the question, the discussion of that question and the answer provided were not made part of the record.* All of the foregoing was in violation of Defendant-Petitioner's due process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, and Ohio Criminal Rules 22 and 43.

(Emphasis added.)

{¶ 9} Also attached to the amended petition was an affidavit from Blanda's trial counsel, Jeremy J. Evans. As part of this affidavit, Evans stated that he contacted Blanda's appellate counsel, Brian Harrison, to discuss any potential issues on appeal. According to Evans, he informed Harrison that he believed the trial court may have erred in regards to its response to the jury's question on "the definition of the element of causation as it deals with foreseeability." It is undisputed that Harrison, although aware of this potential issue, did not raise this as an assignment of error as part of Blanda's direct appeal to this court.

{¶ 10} On December 22, 2011, the state filed a motion to stay the deadline to respond to Blanda's amended petition for postconviction relief, a memorandum in opposition to Blanda's motion for leave to file his amended petition for postconviction relief, and a motion to strike Blanda's amended petition for postconviction relief, among others. The trial court, however, took no action on this matter until Blanda's counsel filed a motion to schedule a status report with the trial court on August 24, 2012. The trial court then held a conference call with counsel on September 27, 2012, during which time Blanda's counsel alleges he was first made aware that the jury questions and trial court's responses were made a part of the case file that was submitted to this court on direct appeal within the trial court's exhibit packet. The trial court then scheduled a status hearing for October 22, 2012, which was later

- 4 -

rescheduled for October 29, 2012 after Blanda was not transported to the trial court from prison.

{¶ 11} Prior to that hearing, on October 17, 2012, Blanda, again through counsel, filed another motion to amend his petition for postconviction relief. As part of this second motion to amend, Blanda alleged, in pertinent part, the following:

> Now comes Defendant-Petitioner Vincent J. Blanda, by and through undersigned counsel, and respectfully requests leave for his second amended to his petition for post-conviction relief *based upon the content of jury questions and answers which first were disclosed to undersigned counsel on September 27, 2012. Based upon the contents of the aforementioned, Defendant-Petitioner now raises the additional claim that substantive answers to jurors' questions contained incorrect, misleading and/or confusing statements of law.* This was in violation of Defendant-Petitioner's rights to due process, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution, as well as his right to a fair jury trial, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Sections 5, 10 and 16, Article I of the Ohio Constitution.

(Emphasis added.)

{¶ 12} After filing this most recent motion, the trial court granted both of Blanda's motions to amend his petition for postconviction relief in an entry filed on October 25, 2012. The trial court's decision was later confirmed during the October 29, 2012 hearing, wherein the trial court explicitly acknowledged that its prior entry was intended to grant both his December 16, 2011 and October 17, 2012 motions to amend his petition for postconviction relief. The trial court also granted Blanda's request for an evidentiary hearing on the matter.[1]

---

1. It should be noted that prior to filing his second motion to amend his petition for postconviction relief, on February 10, 2012, Blanda filed a pro se delayed application to reopen his appeal with this court alleging he received ineffective assistance of appellate counsel. This application contained the same essential claims later asserted as part of his October 17, 2012 motion to amend his petition for postconviction relief. This court denied Blanda's pro se delayed application to reopen his appeal as untimely in an entry filed on April 10, 2012. *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050 (Apr. 10, 2012) (Entry Denying Application for Reopening). Thereafter, Blanda, this time through counsel, filed another delayed application to reopen his appeal arguing the same basic claims. This court once again denied Blanda's delayed application to reopen his appeal in an entry

{¶ 13} On January 28, 2013, the trial court held a hearing on Blanda's petition for postconviction relief. During this hearing, Blanda's trial counsel, Evans, as well as his appellate counsel on direct appeal, Harrison, both testified. As part of his testimony, Harrison specifically testified that he was aware of the potential issue regarding the trial court's responses to the jury's questions regarding foreseeability. In addition, Harrison also testified that although he looked through the case file, which he admits was "cumbersome" and contained "a lot of strange things," he was unable to locate the jury's questions and trial court's responses in the record. The trial court, however, found the jury's questions and its responses were made part of the case file and included in the record as part of an exhibit packet submitted to this court on direct appeal. The trial court subsequently denied Blanda's petition for postconviction relief in an entry filed on May 31, 2013, finding Blanda's claims were barred by the doctrine of res judicata.

{¶ 14} Blanda now appeals from the trial court's decision denying his various petitions for postconviction relief, raising one assignment of error for review.

{¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER-APPELLANT WHEN IT DISMISSED HIS PETITION AND AMENDED PETITION FOR POST-CONVICTION RELIEF.

{¶ 16} In his single assignment of error, Blanda argues the trial court erred by denying his various petitions for postconviction relief. In support of this claim, Blanda has provided several issues for our consideration, which we will address in turn more fully below.

Standard of Review for a Petition for Postconviction Relief

{¶ 17} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Kent*, 12th Dist. Preble No.

filed on November 20, 2013. *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050 (Nov. 20, 2013) (Entry Denying Application for Limited Reopening of Appeal).

CA2013-05-003, 2013-Ohio-5090, ¶ 9. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34. "[A] reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence." *State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 11.

## Trial Court's Decision to Strike Amended Petition Within its Written Decision is a Clerical Error

{¶ 18} Initially, Blanda argues the trial court erred by striking his amended petition for postconviction relief. Admittedly, we find the trial court's decision in this matter difficult to decipher. However, after a thorough review of the record, we find the trial court's statement striking Blanda's amended petition for postconviction relief within its written decision is nothing more than a clerical error. This is particularly true given the fact that the trial court granted Blanda's motion to amend his petition for postconviction relief in an entry filed on October 25, 2012. This decision was then later confirmed during the October 29, 2012 hearing, wherein the trial court explicitly acknowledged that its prior entry was intended to grant both Blanda's December 16, 2011 and October 17, 2012 motions to amend his petition. Therefore, although reasonable in light of the trial court's unartfully drafted decision, Blanda's argument is overruled.

## Blanda's Claims are barred by the Doctrine of Res Judicata

{¶ 19} Next, Blanda argues the trial court erred by finding his various arguments

contained within his petitions for postconviction relief were barred by the doctrine of res judicata. We disagree.

{¶ 20} "It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30; *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 21. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10, quoting *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11.

{¶ 21} To that end, "[r]es judicata is a proper basis for dismissing a defendant's petition for postconviction relief when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 14, quoting *Wagers*, 2012-Ohio-2258 at ¶ 10. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18.

{¶ 22} Here, Blanda argues the trial court erred by finding his claims contained within his various petitions for postconviction relief are barred by res judicata as the trial court's responses to the jury's questions were not made part of the record. In support of this claim, Blanda cites to R.C. 2945.10(G), which provides the following:

The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.

That statute, however, deals exclusively with the written jury instructions provided to the jury prior to its deliberation, and makes no reference to any requirements the trial court must adhere to when providing responses to a jury question during its deliberation.

{¶ 23} As this court has stated previously, "[a] trial court is not prohibited from clarifying its instructions or answering a jury's questions of law during deliberation[.]" *State v. Hibbard*, 12th Dist. Butler No. CA2002-05-129, 2003-Ohio-5104, ¶ 11. Furthermore, contrary to Blanda's claim otherwise, there is nothing within the statute that required the trial court's responses to the jury's questions during deliberation be transcribed and read in open court. Rather, R.C. 2945.10(G) merely requires the "[w]ritten charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case."

{¶ 24} Even more telling, however, is the fact that the trial court specifically found its responses to the jury's questions were part of the record, on file with the papers of the case, and included within the exhibit packet submitted to this court on direct appeal. That appellate counsel on direct appeal, Harrison, did not locate these documents during his review of the case file does not mean that they were not a part of the record in existence and readily available to him. Moreover, if these documents were truly missing, appellate counsel could have easily filed a statement of the evidence or proceedings as provided by App.R. 9(C), something which he did not do.

{¶ 25} Based on the record before this court, we find the trial court's responses to the jury's questions simply cannot be said to constitute competent, relevant and material evidence outside the record that was not in existence and available prior to Blanda filing his direct appeal. This is true regardless of whether counsel now representing Blanda for purposes of his petition for postconviction relief only learned that these documents were included as part of record during a conference call with the trial court on September 27, 2012. Accordingly, we find no error in the trial court's decision denying his petition for postconviction relief based upon the doctrine of res judicata.[2]

### In-Chambers Discussion Resulting in Submission of a Written Response to a Jury Question is Not Critical Stage of Proceedings Requiring a Defendant's Presence

{¶ 26} Regardless, even if we were to find error in the trial court's decision applying res judicata here, which we do not, Blanda's claims still lack merit. For instance, Blanda argues he is entitled to a new trial because "an unrecorded discussion of written jury questions and answers took place outside [of his] presence." However, the Ohio Supreme Court has already addressed this exact issue in *State v. Campbell*, 90 Ohio St.3d 320 (2000). In finding no error due to a capital murder defendant's absence during an in-chambers discussion regarding the trial court's response to a jury question, the Ohio Supreme Court stated:

> Campbell had no right to be present at the legal discussion of how the question should be answered. Nor did he have a right to be present when the judge sent the note to the jury room. Although the oral delivery of jury instructions in open court is a critical stage of trial, the trial court here did not instruct the jury in open court; instead, he sent a note. A defendant benefits from his presence, and may be harmed by his absence, when instructions are given in open court. But these potential benefits and harms do not exist when the judge merely sends a note to the jury room. We therefore hold that the sending of the note was not a critical stage of the trial.

2. Blanda also claims that the trial court failed to address both grounds for relief as stated in his December 16, 2011 and October 27, 2012 amended petitions for postconviction relief. However, the trial court specifically stated as part of its decision that the doctrine of res judicata barred both his claim "based on a violation of his constitutional right to be present during the discussion," as well as his claim regarding the trial court's "response to the jury question." Blanda's claim otherwise is without merit and overruled.

(Internal citations omitted.) *Id.* at 346.

{¶ 27} Following the Ohio Supreme Court's decision in *Campbell*, it is now well-established that a defendant's absence during this otherwise noncritical stage of the proceedings is not grounds for reversal. *See, e.g., State v. Martin*, 2d Dist. Montgomery No. 22744, 2009-Ohio-5303, ¶ 10 (finding no error where the trial court submitted a written response to the jury after consulting with counsel directing them to review the written jury instructions provided when asked for clarification of the elements for abduction); *State v. Ferguson*, 8th Dist. Cuyahoga No. 86439, 2006-Ohio-799, ¶ (finding no error where the trial court submitted a written response to the jury in regards to a question during deliberation as the "discussion regarding the jury question was not a critical stage of the trial"); *see also Thomas v. Hudson*, N.D.Ohio No. 1:07 CV 1430, 2008 WL 2902063, *2 (July 23, 2008) (finding "Petitioner was not deprived of a constitutional right by his absence from the in-chambers conference because such a conference is not a critical stage of the trial for which Petitioner had a right to be present"). Therefore, based on the Ohio Supreme Court's decision in *Campbell*, Blanda's first argument lacks merit and is overruled.

<u>Foreseeability is Not an Essential Element of Felony Murder</u>

{¶ 28} Blanda also argues the trial court erred by providing the jury with an incorrect statement of the law in response to the jury's question as to whether "foreseeability" was an "essential element" of felony murder in violation of R.C. 2903.02(B). Pursuant to R.C. 2903.02(B), "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶ 29} The jury's question regarding foreseeability and the trial court's response were

as follows:

> Question: Is foreseeability an essential element in determining guilty or not guilty? If so, can you please define further. We have read page 17, and 18.
>
> Answer: No, foreseeability is not an element. The definition of foreseeability on pg 18 with the element of cause on pg 17[.]

{¶ 30} Pages 17 and 18 of the jury instructions contain a detailed description regarding felony murder and the essential element of causation. Specifically, as it relates to causation, the jury was instructed on page 17 as follows:

> CAUSATION (PROXIMATE RESULT). Cause is an essential element of the offense charged. The State charges that the act of the Defendant, Vincent J. Blanda, caused the death of Brooklyn Blanda.
>
> CAUSE. Cause is an act or failure to act which in the natural and continuous sequence directly produces the death and without which it would not have occurred. Cause occurs when the death is the natural and foreseeable consequence of the act or failure to act.

Foreseeability is further defined within the jury instructions on page 18 as follows:

> FORESEEABILITY. The test for foreseeability is not whether or not the Defendant should have foreseen the events in its precise form or as to a specific person. The test is whether a reasonably prudent person, in the light of all the circumstances, could have anticipated that death was likely to result from the performance of the unlawful act.

The trial court's instruction on causation is nearly identical to the instruction for causation found in the Ohio Jury Instructions. *See generally Ohio Jury Instructions*, CR sections 503.02 and 417.23.

{¶ 31} Here, Blanda asserts that "foreseeability" is an "essential element" of felony murder under R.C. 2903.02(B), and therefore, the trial court erred in its response to the jury's question regarding the essential elements of the crime. However, when faced with a similar issue regarding causation and foreseeability in regards to other offenses, courts have

routinely found that although causation is an essential element, foreseeability is not. *See, e.g., State v. Barron*, 2d Dist. Greene No. 96 CA 94, 1997 WL 156553, *3 (finding causation, not foreseeability, was an essential element when instructing the jury on the offense of domestic violence); *State v. Hamrick*, 8th Dist. Cuyahoga No. 51698, 1987 WL 7075, *11-*13 (Feb. 26, 1987) (finding no error when the trial court provided the same foreseeability instruction at issue here to the jury in a case involving felonious assault); *see also United States, ex rel. Jones v. Washington*, N.D.Ill. No. 92 C 2134, 1992 WL 153630, *1 (June 24, 1992) (stating "foreseeability of death is not an essential element of felony murder"). Rather, foreseeability is merely a component of the essential element of causation. *State v. Sexton*, 10th Dist. Franklin No. 01AP-398, 2002-Ohio-3617, ¶ 47 (stating "[f]oreseeability is certainly a component of proximate cause, but, even in civil cases, it does not equate with probable cause").

**{¶ 32}** When reviewing the trial court's response to the jury's question, it is apparent that the trial court was merely instructing the jury to re-read the jury instructions previously provided to it in open court and taken by the jury for deliberations. No objection was ever made as to the instructions given prior to the jury retiring for deliberation, nor has our review of the jury instructions as a whole revealed any erroneous instruction that would confuse or mislead the jury so as to constitute prejudicial error. "A jury instruction constitutes prejudicial error where it results in a manifest miscarriage of justice." *State v. Ray*, 12th Dist. Butler No. CA2012-10-213, 2013-Ohio-3671, ¶ 28, citing *State v. Campbell*, 12th Dist. Butler No. CA2009-08-208, 2010-Ohio-1940, ¶ 13. Such is not the case here, as the trial court properly instructed the jury regarding the essential elements necessary to establish a conviction for felony murder in violation of R.C. 2903.02(B). Therefore, even if this argument was not otherwise barred by the doctrine of res judicata, Blanda's claim that the trial court erred in its response to the jury's question lacks merit.

{¶ 33} In light of the foregoing, and having found no merit to any of the arguments raised as part of Blanda's single assignment of error, Blanda's sole assignment of is overruled.

{¶ 34} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.