[Cite as *State v. Curtis*, 2015-Ohio-3404.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : CASE NO. CA2015-02-007

: O P I N I O N
- vs - 8/24/2015

:

RICHARD CURTIS, :

    Defendant-Appellant. :

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2009 CR-2041

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Richard Curtis, #A615995, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43302, defendant-appellant, pro se

**PIPER, P.J.**

{¶ 1} Defendant-appellant, Richard Curtis, appeals from the decision of the Brown County Court of Common Pleas denying his petition for postconviction relief. For the reasons discussed below, we affirm as modified and remand this matter for correction of the sentencing entry.

{¶ 2} In 1996, appellant murdered his wife, Linda Curtis. Following a jury trial,

appellant was convicted of aggravated murder and murder. The trial court then imposed a term of life imprisonment with parole eligibility after 20 years for the aggravated murder charge and a term of 15-years-to-life on the murder charge.[1] The trial court then merged the murder charge with the aggravated murder charge for purposes of sentencing. Appellant filed a direct appeal challenging his conviction as not being supported by a sufficiency of the evidence, and otherwise against the manifest weight of the evidence. This court affirmed the trial court's decision in *State v. Curtis*, 12th Dist. Brown No. CA2009-10-037, 2010-Ohio-4945, appeal not accepted for review, 2011-Ohio-3244.

{¶ 3} Since his conviction and sentence, appellant has moved the trial court multiple times for postconviction relief. The matter currently before this court involves another motion for postconviction relief filed by appellant.[2] The trial court denied appellant's most recent petition for postconviction relief in an entry dated February 11, 2015. Appellant now appeals the decision of the trial court, raising four assignments of error for review.

{¶ 4} Before addressing appellant's assignments of error, we note that a postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 16. Petitions for postconviction relief are governed under R.C. 2953.21, which provides three methods for adjudicating the petition. Specifically, when a criminal defendant challenges his conviction through postconviction relief, the trial court may: (1) summarily dismiss the petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C); (2) grant summary judgment on the petition to either party who moved for summary judgment pursuant to R.C. 2953.21(D); or (3) hold an evidentiary hearing on the

---

1. The trial court also ordered appellant to serve a three-year consecutive term for a firearm specification on his aggravated murder conviction.

2. The record reflects that appellant filed multiple motions for relief from January 2, 2015 through February 9, 2015, which the trial court considered in its judgment entry.

issues raised by the petition pursuant to R.C. 2953.21(E). *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5.

{¶ 5} "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Snead* at ¶ 16. "[A] reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence." *State v. Blanda*, 12th Dist. Butler No. CA2013-06-109, 2014-Ohio-2234, ¶ 17.

{¶ 6} Furthermore, to the extent that a sentence is void, the offending portion of the sentence is subject to review and correction at any time, whether in the direct appeal or in a collateral proceeding. *State v. Evans*, 1st Dist. Hamilton No. C-140503, 2015-Ohio-3208, ¶ 9, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. Pursuant to App.R. 12(A)(1), this court has authority to "[r]eview and affirm, modify, or reverse the judgment or final order appealed."

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT MERGED THE TWO ALLIED OFFENSES TOGETHER AND FAILED TO STATE WHICH SENTENCE MR. CURTIS WAS SERVING HIS PRISON TIME FOR.

{¶ 9} Assignment of Error No. 2:

{¶ 10} TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT IMPOSED MANDATORY PRC AT SENTENCE IN WHICH IT LACKED JURISDICTION.

{¶ 11} In his first two assignments of error, appellant alleges his prison sentence is

- 3 -

"void" based on purported deficiencies in the trial court's sentencing entry. Appellant's specific complaint relates to the merger of his offenses for aggravated murder and murder. The trial court's sentencing entry stated, in pertinent part:

> The Court finds that [appellant] was found guilty on September 25, 2009 of [aggravated murder] * * * with a firearm specification, and [murder] * * * with a firearm specification, subject to a mandatory prison term pursuant to Section 2929.03 of the Ohio Revised Code.
>
> It is therefore ordered that [appellant] serve a term on Count 1 [aggravated murder] of life imprisonment with parole eligibility after serving twenty years of imprisonment. The court further orders that [appellant] serve a consecutive term of imprisonment for three years on Specification One, and on Count 2 [murder], an indefinite sentence of 15 years to life imprisonment. The court further orders that [appellant] serve a consecutive term of imprisonment for three years on Specification One, all of which are mandatory prison terms pursuant to Revised Code Section 2929.03(F).
>
> The sentence in Count 2 [murder] is merged with Count 1 [aggravated murder] for purposes of sentencing.
>
> The Court further orders as to Count 2 [murder] that [appellant] shall be subject to 5 years mandatory post release control is mandatory in this case, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. [Appellant] is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

{¶ 12} From this sentencing entry, appellant raises two assignments of error which will be addressed in turn. Initially, however, we note that appellant has failed to file a transcript of the sentencing hearing. Since appellant failed to file a transcript of the sentencing hearing, we may presume the regularity of the proceedings and conclude the trial court determined that appellant's aggravated murder charge and his murder charge constituted allied offenses of similar import, merged those offenses, and the state elected to proceed with sentencing on the aggravated murder charge. *See, e.g., State v. Hopper*, 12th Dist. Warren Nos CA2013-04-039 and CA2013-05-041, 2013-Ohio-5091, ¶ 14 (appellant has a duty to provide a

transcript for appellate review).

## A. Allied Offenses

{¶ 13} In his first assignment of error, appellant alleges the trial court's sentencing entry was ambiguous with respect to the merger of his offenses and was therefore in violation of various state and federal laws. Essentially, while appellant acknowledges that the trial court merged his offenses for aggravated murder and murder, he nevertheless contends "the sentencing journal does not reflect which count [appellant] is serving his sentence on."

{¶ 14} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibit multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. Under R.C. 2941.25(A), when the same conduct by the defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." *See also State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17 ("[a] defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses"). For purposes of merger, a "conviction" includes both the determination of guilt and the sentence or penalty. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17.

{¶ 15} In the present case, appellant was found guilty of aggravated murder and murder. The trial court sentenced appellant to a term of life imprisonment with parole eligibility after 20 years on the aggravated murder charge and a 15-years-to-life indefinite term on the murder charge. The trial court then ordered "[t]he sentence in Count 2 [murder] is merged with Count 1 [aggravated murder] for purposes of sentencing."

{¶ 16} After a thorough review of the record, we find appellant is merely attempting to read an ambiguity into the trial court's sentencing entry where one simply does not exist.

Contrary to appellant's suggestion, the trial court's sentencing entry specified that appellant's murder charge merged with the aggravated murder charge for purposes of sentencing. Appellant's sentence for aggravated murder is clearly within the permissible statutory range for the offense and the sentence was imposed in accordance with law.

{¶ 17} To that end, although the trial court included unnecessary reference to a sentence applicable to a murder charge, the trial court never actually imposed a sentence for that offense as a result of the merger. Therefore, the trial court imposed an appropriate prison term of life imprisonment with parole eligibility after 20 years. That sentence is to be served consecutively to the three-year prison term imposed for the firearm specification. Accordingly, to the extent that appellant claims his sentence is "void" and he should be provided a de novo sentencing hearing, we find appellant's argument to be without merit.

{¶ 18} Nevertheless, in an abundance of caution, we recognize that the trial court erred when it included reference to a sentence on the murder charge, which it subsequently merged with the aggravated murder charge. In circumstances involving allied offenses, a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶ 41-43. Here, while appellant's murder conviction was properly merged, we find the unnecessary reference imposing sentence on appellant's murder charge should be deleted from the entry.

{¶ 19} R.C. 2953.08(G) provides that an appellate court may "increase, reduce or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-5238, ¶ 29. Due to the facts before us, we find reference to the 15-years-to-life sentence relevant to appellant's murder charge should be deleted from the sentencing entry and we hereby modify the judgment entry to reflect the exclusion of that unnecessary reference.

**B. Imposition of Postrelease Control**

{¶ 20} In his second assignment of error, appellant alleges that his sentence is "void" because the trial court improperly imposed a term of postrelease control. As previously noted, appellant was sentenced to life imprisonment for aggravated murder and an indefinite term of 15 years to life for murder, which was then merged. Thereafter, the trial court included language in its sentencing entry that appellant was subject to five years of mandatory post release control on the murder charge.

{¶ 21} As appellant correctly points out, an individual sentenced for murder is not subject to postrelease control because that crime is an unclassified position to which the postrelease control statute does not apply. *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 51; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36. "Instead of postrelease control, when an offender convicted of an unclassified felony is released from prison he or she is subject to parole." *State v. Lofton*, 4th Dist. Pickaway No. 11CA16, 2012-Ohio-2274, ¶ 8; *Clark* at ¶ 36. Therefore, the trial court should not have imposed postrelease control on appellant's murder conviction, as that offense is an unclassified felony. *State v. Silguero*, 10th Dist. Franklin No. 11AP-274, 2011-Ohio-6293, ¶ 8.

{¶ 22} Although appellant desires the remedy of a new sentencing hearing, that remedy is not appropriate in this case. Rather, in similar circumstances, courts have held that a trial court may simply correct the sentencing entry by eliminating any reference to postrelease control. *Id.; State v. Opalach*, 8th Dist. Cuyahoga No. 100938, 2014-Ohio-5037, ¶ 8. Consistent with our resolution of appellant's first assignment of error, pursuant to R.C. 2953.08(G), we hereby modify appellant's sentencing entry to delete reference to the imposition of postrelease control. Accordingly, appellant's second assignment of error is modified in that it shall no longer include reference to postrelease control. The trial court's

decision is affirmed in all other respects.

{¶ 23} In conclusion, based on our resolution of appellant's first and second assignments of error, we hereby modify appellant's sentencing entry to delete reference to a sentence for Count 2, murder in violation of R.C. 2903.02(A), and its accompanying specification. This cause is remanded to the trial court with instructions to correct the sentencing entry to reflect that modification.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO CONSIDER FRAUD AND MISCONDUCT OF THE PROSECUTOR.

{¶ 26} Assignment of Error No. 4:

{¶ 27} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DENIED HIS MOTION FOR ACQUITTAL BECAUSE THE EVIDENCE AGAINST HIM WAS INSUFFICIENT TO SUPPORT A CONVICTION, THEREBY DENYING HIS RIGHTS OF DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE 1 OF OHIO CONSTITUTION [sic].

{¶ 28} Similar to his first and second assignments of error, appellant's third and fourth assignments of error will also be addressed together. In his third assignment of error, appellant alleges the state withheld and falsified evidence, suborned perjury, and committed various other acts of misconduct during his trial. In his fourth assignment of error, appellant argues the trial court erred when it denied his motion for acquittal because the evidence presented at trial was insufficient to support his conviction. However, after review, we find appellant's assignments of error are without merit based on the doctrine of res judicata.

{¶ 29} It is well-established that a trial court may dismiss a postconviction relief petition

on the basis of the doctrine of res judicata. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 9. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10.

{¶ 30} As the trial court correctly found, appellant does not raise any "newly discovered evidence" to support his allegations of "fraud and misconduct" by the state. Instead, appellant's allegations are merely conclusory statements comprised of speculation and innuendo that relate to the weight and credibility of the evidence presented during his trial. Furthermore, appellant's argument that his conviction is not supported by the weight of the evidence is an issue that was previously decided in his direct appeal. *Curtis*, 2010-Ohio-4945 at ¶ 16. Accordingly, after review, we agree with the trial court that appellant's arguments are barred by res judicata. Therefore, we find appellant's third and fourth assignments of error are without merit and overruled.

{¶ 31} Judgment affirmed as modified and cause remanded.

S. POWELL and M. POWELL, JJ., concur.