[Cite as *State v. Harris*, 2017-Ohio-9090.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                :

       Plaintiff-Appellee,               :

     - vs -                                    :

RICHARD HARRIS,                         :

       Defendant-Appellant.          :

CASE NOS.  CA2017-01-003
                  CA2017-05-071

O P I N I O N
12/18/2017


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2014-06-0953 and CR2014-11-1718


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Richard Harris, appeals the sentence imposed by the Butler County Court of Common Pleas after he was convicted of multiple felonies.

{¶ 2}   Harris was charged with crimes in two separate indictments.   In the first indictment, Harris was charged with having weapons under disability, carrying concealed weapons, obstructing official business, and receiving stolen property.   In the second indictment, Harris was charged with seven counts of trafficking in heroin and seven counts of

possessing heroin.  Harris pled guilty to having weapons under disability and four counts related to the possession and trafficking of heroin, and the remaining counts were dismissed.

{¶ 3}  The trial court accepted Harris' pleas, and sentenced him to community control. As a term of community control, the trial court ordered Harris to complete the Substance Abuse Mental Illness program (SAMI).  The court also expressed that if Harris violated the terms of his community control sanctions, the sentence imposed for having weapons under disability would be 36 months, as well as an aggregate sentence of 18 months on the heroin-related convictions.  The 18-month sentence was ordered consecutive to the 36-month sentence for having weapons under disability.

{¶ 4}  After completing approximately two years of community control successfully, Harris violated the terms of his community control by being terminated from SAMI and being charged with a new felony drug-related offense.  Harris admitted his violations during a hearing on revocation of community control.  The trial court then ordered Harris to serve the sentence as previously announced, for an aggregate sentence of 54 months in prison.  Harris now appeals his sentence, raising the following assignment of error.

{¶ 5}  THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 6}  Harris argues in his assignment of error that the trial court erred in sentencing him to prison.

{¶ 7}  We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6.  Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion.  *Marcum* at ¶ 10.  Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and

convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

**{¶ 8}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.[1]

**{¶ 9}** After reviewing the record, we first find that the trial court's sentence was not contrary to law. Harris was convicted of having weapons under disability, a felony of the third degree, and possession of heroin, a fourth-degree felony. According to R.C. 2929.14(A)(3)(b), "for a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." "For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). As such, the trial court sentenced Harris within the statutory range for his convictions where the court imposed a 36-month sentence for the third-degree felony and an 18-month sentence for the fourth-degree felony.

**{¶ 10}** The trial court also considered the statutory factors before sentencing Harris. The trial court specifically stated during the sentencing hearing, "the Court's had an opportunity to consider this matter in conjunction with the purposes and the princip[les] [of]

---

1. There are additional statutory requirements for imposing consecutive sentences, but Harris does not challenge the trial court's imposition of consecutive sentences.

sentencing set forth in Ohio Revised Code Section 2929.11 and to consider the seriousness and recidivism factors set forth in Ohio Revised Code Section 2929.12." The trial court further noted its consideration of the relevant statutory factors in its judgment entry of sentence. As such, the trial court's sentence was not contrary to law.

{¶ 11} Additionally, the trial court's decision is supported by the record. The trial court considered the facts of the case before sentencing Harris, including that Harris was convicted of having weapons under disability and several heroin-related crimes. Harris then failed to complete the SAMI program because he was charged again with a drug-related offense while still in the program and while he was on community control.[2]

{¶ 12} The trial court considered mitigation arguments from Harris before sentencing, during which Harris admitted to having failed to complete the SAMI program and having relapsed into drug activity, including trafficking and possession. The trial court found that these facts indicated that Harris was no longer amenable to community control sanctions, and sentenced Harris accordingly. We find the trial court's decision supported by the record.

{¶ 13} Having found that Harris' sentence is not contrary to law and that it was supported by the record, we affirm the trial court's sentence. Harris' assignment of error is, therefore, overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

---

2. Harris asserts that being charged with a drug-related offense was not enough to impose a prison sentence or to even find that he failed to complete the SAMI program. However, it is undisputed from the record that Harris admitted his violations of community control. Harris did not appeal his revocation of community control, and instead, he only challenges the sentence imposed by the trial court.