[Cite as *State v. Curtis*, 2018-Ohio-911.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-08-010 |
| | : | O P I N I O N |
| - vs - | | 3/12/2018 |
| | : | |
| RICHARD CURTIS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2009-2041

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Richard Curtis, #A615995, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301-0057, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Richard Curtis, appeals from a decision of the Brown County Court of Common Pleas denying his "Motion for Full Revised Entry Pursuant to Crim.R. 32(C), R.C. 2505.02, and R.C. 2929.03." For the reasons discussed below, we affirm the trial court's denial of said motion.

{¶ 2} In 2009, appellant was convicted by a jury of aggravated murder with a firearm

specification and murder with a firearm specification for causing the death of his wife, who was killed in 1996. His conviction was affirmed on direct appeal in *State v. Curtis*, 12th Dist. Brown No. CA2009-10-037, 2010-Ohio-4945, appeal not accepted for review, 129 Ohio St.3d 1410, 2011-Ohio-3244 (hereafter, "*Curtis I*").

{¶ 3} Thereafter, appellant filed a number of petitions for postconviction relief, all of which were denied by the trial court. Appellant appealed the February 11, 2015 denial of one of his petitions for postconviction relief in *State v. Curtis*, 12th Dist. Brown No. CA2015-02-007, 2015-Ohio-3404 (hereafter, "*Curtis II*"). That appeal involved issues relating to alleged deficiencies in the sentencing entry. We found that the trial court had properly merged appellant's aggravated murder and murder convictions at sentencing and imposed a proper sentence on the aggravated murder charge. *Id.* at ¶ 16-17. However, in the sentencing entry, the trial court had included an "unnecessary reference" to a sentence for the merged offense of murder. *Id.* at ¶ 17. We therefore determined that the unnecessary reference imposing a sentence on the murder charge should be deleted from the entry and modified the judgment entry to reflect this exclusion. *Id.* at ¶ 18-19. We also determined that the trial court erred by including a reference to postrelease control in the sentencing entry as an individual sentenced for murder is not subject to postrelease control "because that crime is an unclassified position to which the postrelease control statute does not apply." *Id.* at ¶ 21. We therefore modified appellant's sentencing entry to delete the reference to the imposition of postrelease control. *Id.* at ¶ 22. We then remanded the matter to the trial court with instructions to correct the sentencing entry to reflect these modifications. *Id.* at ¶ 23.

{¶ 4} On August 26, 2015, the trial court complied with our remand instructions in *Curtis II* and issued a "Judgment Entry of Sentence Nunc Pro Tunc to September 25, 2009." Nearly two years later, on July 28, 2017, appellant filed a "Motion for Full Revised Entry Pursuant to Crim.R. 32(C), R.C. 2505.02, and R.C. 2929.03," in which he requested that the

court conduct a de novo sentencing hearing and issue a revised sentencing entry. The state moved to dismiss appellant's motion, and on August 2, 2017, the trial court granted the state's motion to dismiss.

{¶ 5} Appellant timely appealed the dismissal of his "Motion for Full Revised Entry Pursuant to Crim.R. 32(C), R.C. 2505.02, and R.C. 2929.03," raising three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN NOT MAKING A RESENTENCING ENTRY BECAUSE THE JUDGMENT OF CONVICTION IS VOID OF THE CLERK'S JOURNALIZED ENTRY.

{¶ 8} In his first assignment of error, appellant argues that his sentencing entry, as corrected by the trial court's August 26, 2015 nunc pro tunc entry, is not a final, appealable order because the nunc pro tunc entry was not journalized by the clerk of court.

{¶ 9} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) *the time stamp indicating the entry upon the journal by the clerk*." (Emphasis added.) *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.

{¶ 10} "Dockets and journals are distinct records kept by clerks." *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337 (1997). R.C. 2303.12 provides that the "clerk of the court of common pleas shall keep at least four books. They shall be called the appearance docket, trial docket * * *, journal, and execution docket."

{¶ 11} In the present case, the court's August 26, 2015 nunc pro tunc entry contains both a time-stamp and a journal stamp by the clerk of courts. The journal stamp is located on the bottom, right-hand corner of both pages of the entry and bears the numbers "5370773

- 3 -

and 5370774." Appellant's argument that the August 26, 2015 nunc pro tunc entry was not journalized is, therefore, without merit and his first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} [THE] TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN DISMISSING HIS MOTION FOR RESENTENCING AS THE TRIAL COURT WAS IN VIOLATION OF R.C. 2929.11, 2929.12 AND 2029.13.

{¶ 14} In his second assignment of error, appellant argues that the trial court erred in imposing his sentence as the court "failed to make considerations of factors in R.C. 2929.11 and 2929.12."

{¶ 15} We find that appellant's arguments are barred by the doctrine of res judicata, as his arguments should have been made on direct appeal in *Curtis I.* "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10.

{¶ 16} Appellant's second assignment of error is therefore overruled.

{¶ 17} Assignment of Error No. 3:

{¶ 18} [THE] TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN MAKING AN ATTEMPT TO CORRECT DEFENDANT'S JUDGMENT OF FINAL CONVICTION IN A NUNC PRO TUNC ENTRY.

{¶ 19} In his third assignment of error, appellant argues the trial court erred in correcting his sentencing entry by issuing a nunc pro tunc entry. Appellant contends that he

was entitled to a new sentencing hearing as his sentence is void.

{¶ 20} We find no merit to appellant's argument. The claims appellant makes in support of his argument that he is entitled to a new sentencing hearing were previously raised and rejected in *Curtis II*. There, we stated that "to the extent that appellant claims his sentence is 'void' and he should be provided with a de novo sentencing hearing, we find his argument to be without merit. * * * * Although appellant desires the remedy of a new sentencing hearing, that remedy is not appropriate in this case. Rather, in similar circumstances, courts have held that a trial court may simply correct the sentencing entry by eliminating any reference to postrelease control." *Curtis II*, 2015-Ohio-3404 at ¶ 17, 22. The trial court complied with our remand instructions from *Curtis II* when it issued a corrected sentencing entry without holding a hearing, and appellant is barred from relitigating the same issues in his present appeal.

{¶ 21} Appellant's third assignment of error is therefore overruled.

{¶ 22} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.