[Cite as *State v. Vinson*, 2020-Ohio-6662.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-03-044 |
| | : | O P I N I O N |
| - vs - | | 12/14/2020 |
| | : | |
| BALLERD VINSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR-2019-06-0899

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**RINGLAND, J.**

{¶1} Appellant, Ballerd Vinson, appeals the decision of the Butler County Court of Common Pleas sentencing him to serve 30 months in prison. For the reasons discussed below, we affirm the trial court's decision.

{¶2} In December 2019, Vinson pled guilty to one count of aggravated theft, a felony of the third degree, and one count of obstructing official business, a felony of the fifth

degree. In January 2020, the trial court sentenced Vinson to five years of community control. Pursuant to Rule 7 of the terms of his community control, Vinson was prohibited from possessing, using, purchasing, or having under his control any narcotic drug, controlled substance, or illegal drugs. The trial court advised Vinson that a violation of the terms of his community control could result in the imposition of a prison term of 36 months.

{¶3} On February 6, 2020, Vinson's probation officer filed a notice of alleged violations, alleging that Vinson had signed a drug admission form admitting to the use of marijuana, a violation of Rule 7 of the terms of Vinson's community control. Subsequently, a probable cause hearing regarding the alleged violation was held before a magistrate and Vinson's probation officer testified regarding the nature of the alleged violation. In a written entry, the magistrate determined there was probable cause Vinson had violated the terms of his community control and set the matter for a probation violation hearing.

{¶4} Beginning on February 24, 2020, the trial court held a two-day hearing relating to Vinson's alleged probation violation. At the conclusion of the hearing, the trial court found that because Vinson admitted that "he would test positive for marijuana," Vinson had violated Rule 7 of the terms of his community control. The trial court revoked Vinson's community control and sentenced him to 30 months in prison.

{¶5} Vinson appealed, raising the following assignment of error:

{¶6} THE TRIAL COURT'S SENTENCE FOR A COMMUNITY CONTROL VIOLATION WAS CONTRARY TO LAW WHEN THE COURT INCORRECTLY APPLIED R.C. 2929.13(E)(2)(b).

{¶7} Vinson does not challenge the trial court's decision to revoke his community control. Rather, Vinson argues the trial court's decision to impose a prison term as punishment for his community control violation is contrary to law. Specifically, Vinson claims that the trial court erred in imposing a prison sentence pursuant to R.C.

- 2 -

2929.13(E)(2)(b), as he never failed a drug test.

{¶8} "We review the trial court's sentencing decision for a community control violation under the standard of review set forth by R.C. 2953.08(G)(2)." *State v. Roberts*, 12th Dist. Butler No. CA2019-02-025, 2019-Ohio-4205, ¶ 5. *See also State v. Harris*, 12th Dist. Butler Nos. CA2017-01-003 and CA2017-05-071, 2017-Ohio-9090, ¶ 7. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

{¶9} When an offender violates the conditions of his community control, a trial court has the option of imposing "a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum that the trial court specified at the first sentencing hearing." R.C. 2929.15(B).

{¶10} However, when "an offender who * * * pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test * * * the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record * * * [t]he imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.13(E)(2)(b).

{¶11} In the present case, the trial court found Vinson had violated the terms of his community control and elected to impose a prison term of 30 months for the violation. The

trial court based its finding on Vinson's admission that he used marijuana in violation of Rule 7 and that "he would test positive for marijuana."[1]  There is no evidence in the record that suggests Vinson was officially tested for marijuana.  Despite the lack of formal drug test results, the trial court concluded that R.C. 2929.13(E)(2)(b) applied and made an additional finding that the 30-month term is consistent with the purposes and principles of sentencing.  Specifically, the trial court stated, "[t]here is a weird provision in the statute that I do need to note in the entry * * * [w]hen there is a probation violation and prison is imposed solely on a drug screen * * * then I need to make a finding that prison is consistent with the purposes of the principles of felony sentencing in accordance with 2929.11."  The trial court proceeded to discuss various factors influencing its decision to impose the 30-month prison term upon Vinson and reiterated its findings pursuant to R.C. 2929.13(E)(2)(b) in its sentencing entry.

{¶12}  On appeal, Vinson argues the trial court's "decision to sentence * * * Vinson to a term of incarceration is contrary to law" because "a drug test is a requirement prior to the [trial c]ourt relying on R.C. 2929.13(E)(2)(b)."  We find no merit to Vinson's claim.

{¶13}  As discussed above, R.C. 2929.13(E)(2)(b) does not apply to Vinson, as the statute is only implicated in circumstances where an offender violates the conditions of his community control sanction by producing positive results on a drug test.  Here, it is undisputed that positive drug test results were not produced to the trial court.  Instead, the record reflects the trial court considered Vinson's voluntary admission that he would test positive for marijuana as the equivalent to a positive drug screen.  Consequently, based on

---

1. According to the record, Vinson admitted to using marijuana on the first day of the probation violation hearing; however, Vinson has failed to file a transcript of that hearing.  Accordingly, we will presume the regularity of the trial court's proceedings and conclude that Vinson admitted to the use of marijuana in violation of Rule 7 of the terms of his community control and that he would have tested positive for marijuana.  *See* *State v. Curtis*, 12th Dist. Brown No. CA2015-02-007, 2015-Ohio-3404, ¶ 12.

Vinson's admission, the trial court referenced R.C. 2929.13(E)(2)(b) and made additional findings regarding its decision to impose a prison term pursuant to that statute.

{¶14} While we agree with Vinson that the trial court's reference to R.C. 2929.13(E)(2)(b) was unwarranted, we do not find that such a reference, under these facts, renders his sentence contrary to law. As noted above, R.C. 2929.13(E)(2)(b) places an additional burden on the trial court to note on the record that the imprisonment of Vinson is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. However, as this court recently clarified, a trial court is always required to consider the purposes and principles of felony sentencing when imposing a sentence for an offender's violation of community control. *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, ¶ 41 ("We find that in imposing a sentence for an offender's violation of community control, the trial court shall consider the R.C. 2929.11 purposes and principles of felony sentencing"). Thus, pursuant to our holding in *Motz*, a trial court is obligated to consider R.C. 2929.11 prior to sentencing an offender to prison for a community control violation, even in instances where R.C. 2929.13(E)(2) is not implicated. As a result, the trial court's application of R.C. 2929.13(E)(2)(b) in this matter had no effect on the trial court's decision to sentence Vinson to the 30-month prison term aside from ensuring that the trial court considered R.C. 2929.11 on the record. Consequently, despite the trial court's reference to R.C. 2929.13(E)(2)(b), the trial court engaged in the same analysis, afforded Vinson's sentence the same consideration, and made the same findings it would have if R.C. 2929.13(E)(2)(b) was not applied. Accordingly, because the trial court's reference to R.C. 2929.12(E)(2) did not affect the trial court's ability or decision to sentence Vinson to a term of incarceration, we find he suffered no prejudice as a result of the trial court's action.

{¶15} We further note that, contrary to Vinson's assertions otherwise, there is no requirement that the trial court conduct a drug test prior to revoking Vinson's community

control and sentencing him to a term of incarceration. Rather, due to Vinson's admission to using marijuana in violation of Rule 7 of the terms of his community control, the trial court was permitted to revoke Vinson's community control and impose a prison sanction up to 36 months. R.C. 2929.15(B); *see also Motz* at ¶ 42. As a result, the trial court was authorized to sentence Vinson to prison based upon his admission that he violated Rule 7. Furthermore, although unchallenged by Vinson, the 30-month prison term imposed is within the statutory range for a felony of the third degree and did not exceed the maximum prison term that was specified by the trial court at Vinson's initial sentencing in January 2020. R.C. 2929.14(A)(3).

{¶16} In light of the above, we find the trial court's consideration of R.C. 2929.13(E)(2)(b) does not refute the legality of Vinson's prison term, and his sentence is not clearly and convincingly contrary to law.

{¶17} Accordingly, Vinson's assignment of error is overruled.

{¶18} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.